J-S09035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ULYSSES JAVIER CORTES | : | |
| | : | |
| Appellant | : | No. 1387 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 13, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003138-2022

BEFORE: PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED JUNE 20, 2024**

Ulysses Javier Cortes ("Cortes") appeals from the judgment of sentence imposed by the Lehigh County Court of Common Pleas ("trial court") following his negotiated guilty plea to aggravated assault.[1] On appeal, Cortes' appellate counsel, Attorney Michael E. Brunnabend ("Counsel") has filed an application to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Cortes' judgment of sentence.

At Cortes' plea hearing, the Commonwealth recited the factual basis for his guilty plea as follows:

_____

[1] 18 Pa.C.S. § 2702(a)(4).

This offense occurred on July 7, 2022, at approximately 7:30 a.m. Allentown Police responded to St. Luke's Hospital in Allentown for an assault. When they arrived at the hospital[,] they spoke with the victim, Rose Zavala[, w]ho is the prior girlfriend of [Cortes]. While speaking with her[,] they did observe several injuries, which included swelling and bruising on both of her eyes and face. They did observe cuts and bruises on her right and left arms[, a]s well as[] injuries to her knees and thighs.

She stated that [Cortes] had punched her several times about her face and body, and then struck her with a metal pole on her leg. Ultimately, … that was determined to be a shower curtain rod, which caused injuries. At some point, during the assault[, Cortes] left the room. She was able to escape the residence and find a passerby/good Samaritan on the street who allowed her to call her mother[, a]t which point, she met up with her mother, and the police were notified.

N.T., 1/24/2023, at 10-11.

The Commonwealth charged Cortes with numerous crimes. On January 24, 2023, Cortes entered a negotiated guilty plea to aggravated assault in exchange for the Commonwealth's agreement to cap his minimum sentence within the standard range. The trial court accepted the plea and deferred sentencing. On April 13, 2023, the trial court sentenced Cortes to three to ten years of state incarceration, to run consecutively to his sentences imposed at docket numbers CP-39-CR-0004172-2018 ("Docket 1"), CP-39-CR-0003243-2021 ("Docket 2"), and CP-39-CR-0003244-2021 ("Docket 3").[2]

---

[2] On April 7, 2022, at Dockets 1 through 3, the trial court sentenced Cortes to respective, concurrent sentences of: time served to twenty-four months less one day incarceration in county jail; time served to twenty-four months less one day of incarceration in county jail, followed by twelve months of probation; and time served to twelve months of incarceration in county jail. *(Footnote Continued Next Page)*

Cortes filed a post-sentence motion nunc pro tunc, with leave of court, seeking reconsideration of his sentence. The trial court denied Cortes' motion. This appeal followed.

Before this Court on appeal, Counsel has filed an **Anders** brief and petition to withdraw as counsel. When faced with an **Anders** brief, we may not review the merits of the underlying issues or allow withdrawal without first deciding whether counsel has complied with all requirements set forth in **Anders** and **Santiago**. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008). There are mandates that counsel seeking to withdraw pursuant to **Anders** must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the

_____

Cortes was granted immediate parole at each of the three dockets. On April 13, 2023, immediately following Cortes' sentencing in the instant case, the trial court held parole revocation hearings, revoked Cortes' parole at Dockets 1 through 3, and recommitted Cortes. Cortes' appeals of his judgments of sentence as to Dockets 1 through 3 are docketed in this Court at 1322 EDA 2023, 1326 EDA 2023, and 1237 EDA 2023, respectively.

right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on [a]ppellant's behalf).

**Id.** (citations omitted).

Additionally, **Santiago** sets forth precisely what an **Anders** brief must

contain:

[T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. If counsel has satisfied the above requirements,

it is then this Court's duty to conduct its own review of the trial court's

proceedings to determine whether there are any other non-frivolous issues

that the appellant could raise on appeal. **Commonwealth v. Dempster**, 187

A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, we conclude that Counsel has complied with the requirements

outlined above.[3] Counsel has filed a petition with this Court stating that after

_____

[3] This is the second time Counsel's request to withdraw is before this Court. On March 20, 2024, we denied Counsel's application to withdraw because in
*(Footnote Continued Next Page)*

- 4 -

reviewing the record, he finds this appeal to be wholly frivolous. Amended Petition to Withdraw as Counsel, 4/1/2024. In conformance with *Santiago*, Counsel's brief includes summaries of the history of the case and discusses the issues he believes might arguably support Cortes' appeal. *See Anders* Brief at 6-14. Counsel's brief further sets forth his conclusion that the appeal is frivolous and includes discussion of, and citation to, legal authority. *Id.* Finally, Counsel attached to his petition to withdraw the letter he sent to Cortes, which enclosed Counsel's petition and *Anders* brief. Petition to Withdraw as Counsel, 4/1/2024, Ex. A. Counsel's letter advised Cortes of his right to proceed pro se or with private counsel, and to raise any additional issues that he deems worthy of this Court's consideration. *Id.*

Before we address Counsel's *Anders* brief and request to withdraw, we must determine whether Cortes' notice of appeal was timely filed. This Court lacks jurisdiction to consider untimely appeals and may raise jurisdictional issues sua sponte. *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015). Generally, in a criminal case where no post-sentence motion

_____

his letter to Cortes explaining his application to withdraw, Counsel incorrectly informed Cortes that he could proceed with the appeal by "obtain[ing] counsel of your own choosing, **or request[ing] the appointment of counsel from the Superior Court or the local Court** should you feel that there is a reason for the same." Letter, 10/26/2023, at 2-3 (unnumbered) (emphasis added). We instructed Counsel to cure the defect in compliance with the technical mandates of *Anders*/*Santiago*. *See Commonwealth v. Cortes*, 1387 EDA 2023, 2024 WL 1192591 (Pa. Super. filed Mar. 20, 2024) (non-precedential decision). Counsel complied and filed an amended petition to withdraw as counsel with this Court on April 1, 2024.

has been filed, a notice of appeal must be filed within thirty days of the imposition of judgment of sentence in open court. Pa.R.Crim.720(A)(3); Pa.R.A.P. 903(c)(3). Where a defendant files a **timely** post-sentence motion, the appeal period is tolled until the motion is decided. Pa.R.Crim.P. 720(A)(2). Except in circumstances not applicable here, a defendant must file a post-sentence motion within ten days of imposition of sentence. Pa.R.Crim.P. 720(A)(1).

Ordinarily, the filing of an **untimely** post-sentence motion does not toll the appeal period. *Capaldi*, 112 A.3d at 1244 (citation omitted). However, this Court has provided an exception where, within thirty days of imposition of sentence, (1) a defendant files a motion requesting the trial court consider a post-sentence motion nunc pro tunc and provides reasons therefor; and (2) the trial court expressly permits the filing of a post-sentence motion nunc pro tunc. *Id.* (citing *Commonwealth v. Dreves*, 839 A.2d 1122, 1128-29 (Pa. Super. 2003) (en banc)). If this exception is met, the thirty-day appeal period is tolled until the post-sentence motion nunc pro tunc is decided. *Id.* at 1244.

Here, the trial court imposed Cortes' sentence on April 13, 2023. On April 26, 2023, within thirty days of the imposition of his sentence, Cortes filed a petition for leave to file a post-sentence motion nunc pro tunc, which provided reasons to excuse the late filing. *See* Petition for Leave to File Post Sentence Motion Nunc Pro Tunc, 4/26/2023, ¶¶ 4-9. The trial court expressly granted Cortes' petition for leave to file nunc pro tunc on May 4, 2023, also

- 6 -

within thirty days of sentencing. Trial Court Order, 5/4/2023. Cortes filed a post-sentence motion nunc pro tunc, seeking reconsideration of his sentence. Cortes thus satisfied the requirements of the exception allowing his post-sentence motion nunc pro tunc to toll the appeal period. *Capaldi*, 112 A.3d at 1244. Cortes filed his notice of appeal on May 22, 2023, within thirty days of the trial court's denial of his post-sentence motion. Accordingly, the notice of appeal was timely filed.

Having determined that the appeal is timely, we now turn our attention to the issue Counsel raised in the *Anders* brief. Cortes argues that the trial court abused its discretion in imposing a manifestly excessive sentence without fully considering all mitigating evidence, and ordering the sentence to run consecutively to Cortes' parole violation sentences. *Anders* Brief at 4, 7-14. This argument challenges the discretionary aspects of Cortes' sentence.[4]

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa. Super. 2024) (citation and quotation marks omitted). To invoke this Court's

_____

[4] We note that when a defendant enters a plea, without an agreed upon sentence, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020). Although Cortes entered a negotiated plea, the parties did not agree to a specific sentence; therefore, Cortes may challenge the discretionary aspects of his sentence.

jurisdiction of a discretionary sentencing claim, an appellant must satisfy a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.*** (citation and brackets omitted).

Instantly, Cortes satisfied the first three requirements: he filed a timely notice of appeal, preserved his issues in a post-sentence motion nunc pro tunc, and complied with Pa.R.A.P. 2119(f). As to the fourth prong, this Court has explained that "[a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Id.*** at 171.

A trial court's decision to impose Cortes' sentence consecutive to his parole violation sentences generally does not raise a substantial question as it "has discretion to impose sentences consecutively[.]" ***Id.*** (citation omitted). "[A] bald claim of excessiveness due to the consecutive nature of a sentence

- 8 -

will not raise a substantial question." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013); ***see also Moury***, 992 A.2d at 171-72 ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."); ***cf. Commonwealth v. Dodge***, 957 A.2d 1198 (Pa. Super. 2008) ("***Dodge II***") (holding that the imposition of consecutive sentences totaling 58½ to 124 years' of incarceration for 37 counts of theft-related offenses presented substantial question because the aggregate sentence was essentially life sentence for the 42-year-old defendant who committed non-violent offenses with limited financial impact). As Cortes does nothing more than raise a bald claim of excessiveness based on the consecutive nature of the sentences, this argument fails.

Cortes' assertion that the trial court failed to "fully and adequately give any meaningful consideration" to mitigating factors, rendering his three-to-ten-year sentence manifestly excessive, on the other hand, raises a substantial question. ***See Commonwealth v. Miller***, 275 A.3d 530, 535 (Pa. Super. 2022) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question"). We therefore will address this sentencing claim.

The record confirms that the trial court reviewed Cortes' pre-sentence investigation ("PSI") report and stated its reasons for imposing the sentence

on the record. **See** N.T., 4/13/2023, at 11-14. In such circumstances, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Griffin**, 65 A.3d 932, 937 (Pa. Super. 2013). Further, the record reflects, and Cortes concedes, that the trial court sentenced Cortes to a standard range sentence that was in accordance with his negotiated guilty plea agreement. **See** N.T., 4/13/2023, at 2-3, 13; **see also** Trial Court Order, 4/27/2023, at n.1; **Anders** Brief at 7-9, 13. As this Court has held, if the sentencing court had both a PSI report and entered a standard range sentence, the sentence generally will not be considered excessive or unreasonable. **Commonwealth v. Cruz–Centeno**, 668 A.2d 536, 545-46 (Pa. Super. 1995).

Counsel is therefore correct that raising the discretionary sentencing challenges on appeal would be frivolous. Our independent review of the record reveals no other non-frivolous issues that Cortes could raise on appeal.[5] **See Dempster**, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Cortes' judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

---

[5] We have conducted our review mindful of the fact that upon entering a guilty plea, a defendant generally waives all legal challenges and defenses except "matters concerning the jurisdiction of the court, the validity of the … plea, … the legality of the sentence," and "the discretionary aspects of the sentence imposed." **Brown**, 240 A.3d at 972.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2024